■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CINDELL ROCK, Appellant. [844 NYS2d 4]—

Judgment, Supreme Court, New York County (James A. Yates, J., at hearing; Charles J. Tejada, J., at jury trial and sentence), rendered September 13, 2005, convicting defendant of assault in the second degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously affirmed.

The court properly found, by clear and convincing evidence, that although the showup was unduly suggestive, the two eyewitnesses could make in-court identifications of defendant based upon their independent recollection of the incident itself, and not on the suggestive procedure (see generally People v Adams, 53 NY2d 241, 251 [1981]). Initially, we note that it is clear from the context that when the hearing court referred to the showup as creating a substantial likelihood of irreparable misidentification, it was only ruling on the admissibility of the showup itself, and had not yet considered the issue of independent source. In any event, we do not find any such likelihood, because the suggestiveness of the showup was outweighed by other factors. Both the victim and the eyewitness had ample opportunity to view defendant under good lighting conditions, at close range, and both had strong reasons to focus on his face (see People v Williams, 222 AD2d 149, 153-154 [1996], lv denied 88 NY2d 1072 [1996] ["even a matter of a few seconds may suffice for independent source purposes"]). Of critical significance was the unusually high degree of focus both women placed on defendant, due to his strange and frightening behavior and demeanor. Moreover, their descriptions of defendant were sufficiently specific to demonstrate that they had ample opportunity to view him. Each description emphasized defendant's most distinctive feature, which was his muscularity, and the evidence explains the women's inability to notice defendant's tattoos.

The court properly exercised its discretion in placing reasonable limits on defendant's cross-examination of witnesses and elicitation of expert testimony, and defendant received ample scope in which to explore all relevant matters. Defendant's assertion that the People elicited implied hearsay is without merit. To the extent that defendant is raising constitutional claims with regard to the trial court's evidentiary rulings, such claims are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would reject them. Concur—Mazzarelli, J.P., Saxe, Sullivan, Catterson and Kavanagh, JJ.